IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JOHN LEON GATEWOOD,            )  CIV. NO. 17-00090 LEK-KJM
#A0260188,                     )
                               )  ORDER DISMISSING COMPLAINT
          Plaintiff,           )  IN PART AND DENYING
                               )  ASSISTANCE OF COUNSEL
     vs.                       )
                               )
SCOTT HARRINGTON, APRIL        )
MCNEIL, TUI FAATEA,            )
                               )
          Defendants,          )
                               )

**ORDER DISMISSING COMPLAINT IN PART AND
DENYING ASSISTANCE OF COUNSEL**

Before the court is pro se Plaintiff John Leon

Gatewood's prisoner civil rights complaint brought

pursuant to 42 U.S.C. § 1983, and Motion for Assistance

of Counsel.  Compl., ECF. No. 1; Mot., ECF No. 5.

Gatewood is incarcerated at the Saguaro Correctional

Center ("SCC"), located in Eloy, Arizona, but complains

of events that allegedly took place while he was housed

in Hawaii at the Waiawa Correctional Facility ("WCF").

Gatewood alleges WCF Warden Scott Harrington, Adult

Correctional Officers ("ACO") April McNeil and

Tui Faatea (collectively, "Defendants"), violated his
constitutional rights in connection to disciplinary
proceedings at WCF in or about late 2015.  Gatewood
also complains of inadequate dental care while he at
WCF.

Gatewood states a retaliation claim against
Defendants McNeil and Faatea and service of the
Complaint is appropriate for this claim only.  The
remaining claims in Gatewood's Complaint are DISMISSED
in part for failure to state a claim, with leave
granted to amend as discussed below.  Gatewood's Motion
for Assistance of Counsel is DENIED.

## I.  <u>BACKGROUND</u>

Gatewood alleges that on or about September 18,
2015, he told ACO McNeil and other WCF staff that he
was pressing charges against ACO Faatea for "striking
and pushing" him.  Compl. ECF No. 1, PageID #6 (Count
II).  Gatewood states that Honolulu Police Department
("HPD") officers came to WCF and investigated his
claims.  He claims that McNeil and Faatea then wrote a
false disciplinary report against him, alleging that

Gatewood had threatened and elbowed ACO Faatea, to retaliate against him and ensure that he would be found guilty at his disciplinary proceedings. Gatewood filed a civil suit against WCF, Faatea, and McNeil in the Circuit Court of the First Circuit, State of Hawaii, on January 26, 2016, *Gatewood v. State*, 1CC161000128. *Id.*, PageID #3; *see also* Ho'ohiki, avail. at: http://www.courts.state.hi.us. (last visited Mar. 23, 2017). This suit is pending.

Gatewood claims that Warden Harrington negligently upheld ACO Faatea's "accusation and report." Compl., ECF No. 1, PageID #5 (Count I). He says he was then denied parole on January 24, 2017, as a result of his disciplinary proceedings, for which he claims a "Loss of Liberty," suggesting he raises a due process claim. *Id.*

Finally, Gatewood claims that on or about September 18, 2015, an unidentified dentist "performed a partial root-canal," that was allegedly unauthorized. *Id.*, PageID #7 (Count III). Gatewood developed an abscess for which he was given pain medication and was

allegedly told by unidentified hospital staff that he
would need antibiotics. Gatewood claims that he was
denied antibiotics by the WCF "medical unit." *Id.*

Gatewood seeks compensatory damages and release
from custody.

## II.  <u>STATUTORY SCREENING</u>

Because Gatewood is a prisoner and is proceeding in
forma pauperis, the Court screens his Complaint
pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The
Court must dismiss a complaint or any portion of it
that is frivolous, malicious, fails to state a claim,
or seeks damages from defendants who are immune.  *See
Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)
(en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes
v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010)
(discussing 28 U.S.C. § 1915A(b)).

Screening under §§ 1915(e)(2) and 1915A(b) involves
the same standard of review as that used under Federal
Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*,
668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm
v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)

4

(discussing screening pursuant to § 1915A).  Under Rule
12(b)(6), a complaint must "contain sufficient factual
matter, accepted as true, to state a claim to relief
that is plausible on its face." *Ashcroft v. Iqbal*, 556
U.S. 662, 678 (2009) (internal quotation marks
omitted); *Wilhelm*, 680 F.3d at 1121.  "Determining
whether a complaint states a plausible claim for relief
[is] . . . a context-specific task that requires the
reviewing court to draw on its judicial experience and
common sense."  *Iqbal*, 556 U.S. at 678.

Rule 8 of the Federal Rules of Civil Procedure
requires only "a short and plain statement of the claim
showing that the pleader is entitled to relief."
Detailed factual allegations are not required, but
"[t]hreadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not
suffice."  *Iqbal*, 556 U.S. at 678.  The "mere
possibility of misconduct" or an "unadorned, the
defendant-unlawfully-harmed me accusation" falls short
of meeting this plausibility standard.  *Id.; see also*

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## A. Due Process: Disciplinary Proceedings

Gatewood asserts that he suffered a "Loss of Liberty," when he was denied parole in January 2017. An inmate's liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted); *Chappell v. Mandeville*, 706 F.3d 1052, 1062 (9th Cir. 2013).

"There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011); (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). There is no state-created liberty interest in release on parole in Hawaii. *See Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) (determining that Hawaii's

parole regime creates no liberty interest in parole); *Rideout v. Haw. Paroling Auth.*, 2014 WL 1571286, at *3 (D. Haw. Apr. 17, 2014) (collecting District of Hawaii cases). Gatewood therefore fails to state a due process claim regarding the denial of parole.

To the extent Gatewood alleges that he had a liberty interest in remaining at WCF or in Hawaii, he is mistaken. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983) (holding prisoners have no right to remain in prison of choice or prevent a transfer).

To the extent Gatewood alleges he is otherwise entitled to due process regarding his disciplinary sanctions, the Court looks to the particular restrictions imposed and asks whether they "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. *See Carlo v. City of Chino*, 105 F.3d 493, 499 (9th Cir. 1997). Thus, to determine whether disciplinary

sanctions create atypical and significant hardship, the court looks to the prisoner's conditions of confinement, the duration of the sanction, and whether the sanction will affect the duration of the prisoner's sentence. *See Chappell*, 706 F.3d at 1063; *Keenan v. Hall*, 83 F.3d 1083, 1088–89 (9th Cir. 1996).

First, although Gatewood mentions that he was in solitary confinement, he alleges no facts showing how this segregation imposed atypical and significant hardship in relation to the ordinary incidents of administrative segregation. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) ("Typically, administrative segregation in and of itself does not implicate a protected liberty interest."); *cf. Sandin*, 515 U.S. at 486 (finding thirty days in disciplinary segregation did not constitute atypical or significant hardship). Gatewood does not state how long he remained in solitary confinement, where he was segregated, or how this confinement differed from conditions imposed in administrative segregation. Short durations of segregation are rarely considered

excessive or a major disruption to an inmate's environment. *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (holding short durations in segregation rarely excessive) (citing *Sandin*, 515 U.S. at 486); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010) (finding fifteen days disciplinary segregation did not invoke a liberty interest). Second, Gatewood fails to allege what process he was denied.

Gatewood fails to state a due process claim against any Defendant regarding the denial of parole or his disciplinary proceedings and such claims are DISMISSED with leave granted to amend.

## B. **Warden Harrington**

To the extent Gatewood alleges that Warden Harrington violated his right to due process by upholding his disciplinary sanction, he fails to state a claim. A prison official's participation in an administrative appeal process is an insufficient basis on which to state a federal civil rights claim. *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional

right to an effective grievance or appeal procedure);
*Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988);
*Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.
1996) (stating prison grievance procedure is procedural
right that does not give rise to protected liberty
interest requiring procedural protections); *Buckley v.
Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (same).

This is because "[r]uling against a prisoner on an
administrative complaint does not cause or contribute
to the [underlying] violation." *George v. Smith*, 507
F.3d 605, 609-10 (7th Cir. 2007) (holding that only
persons who cause or participate in civil rights
violations can be held responsible); *Shehee v.
Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding
that prison officials whose only roles involved the
denial of the prisoner's administrative grievances
cannot be held liable under § 1983); *Lagmay v. Nobriga*,
2017 WL 539579, at *9 (D. Haw. Feb. 9, 2017); *Moore v.
Horch*, 2017 WL 35514, at *3 (E.D. Cal. Jan. 3, 2017);
*Wright v. Shapirshteyn*, 2009 WL 361951, *3 (E.D. Cal.
Feb. 12, 2009) (noting "where a defendant's only

involvement . . . is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior"); *Velasquez v. Barrios*, 2008 WL 4078766, *11 (S.D. Cal. Aug. 29, 2008) ("An official's involvement in reviewing a prisoner's grievances is an insufficient basis for relief through a civil rights action.").

Warden Harrington did not violate due process when he upheld Gatewood's disciplinary sanctions and this claim is DISMISSED with leave to amend.

## C. Retaliation

Gatewood alleges ACOs McNeil and Faatea retaliated against him by falsifying disciplinary charges against him after he pressed charges against Faatea with HPD.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment

rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). "[T]he mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Brodheim*, 584 F.3d at 1270 (emphasis in original); see *Rhodes*, 408 F.3d at 568 n.11.

Gatewood states a retaliation claim against ACOs McNeil and Faatea and this claim may proceed.

**D.   Denial of Appropriate Dental Care**

To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. It may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute

deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (stating "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). A delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Gatewood claims that an unidentified dentist performed an unsuccessful and unauthorized root canal on an unspecified date. He says the procedure was painful, but states that he was given pain medication. He later developed an abscess and alleges that someone at an unidentified hospital told him that he would need antibiotics. Gatewood says he requested antibiotics from the WCF medical unit on September 18, 2015, but an

unidentified individual or individuals denied his request and sent him back to his housing unit.

Gatewood fails to explain how he, as a prisoner, was given an "unauthorized" root canal procedure, or what he means by this statement. He does not indicate when this allegedly unauthorized procedure took place. Gatewood does not say that the dentist (or any other medical provider) prescribed him antibiotics or indicate when he was allegedly prescribed antibiotics and by whom. Finally, he does not identify who at the WCF medical unit staff consciously disregarded this medical order or explain why they did so. He therefore fails to provide sufficient details to nudge this claim beyond a possibility of unconstitutional conduct to a plausible claim that a dentist and/or WCF medical unit staff acted with wanton and deliberate indifference to his pain or serious medical need. Gatewood's allegations as written may support a claim for negligence; they do not state a claim for deliberate indifference.

Moreover, Gatewood fails to assert facts connecting this claim to his claims against Defendants Harrington, Faatea, or McNeil. That is, Gatewood's medical claims in Count III appear completely unrelated to his retaliation claims in Counts I and II, beyond the date that he alleges these incidents occurred. Unconnected claims against unconnected defendants must be brought in separate lawsuits. *See* Fed. R. Civ. P. 18 (governing joinder of claims) and 20 (governing joinder of parties). In prisoner civil rights cases, this rule prevents confusion, ensures that prisoners pay the filing fees for their lawsuits, and prevents circumvention of the three-strikes rule set forth under the Prison Litigation Reform Act ("PLRA"). *See George*, 507 F.3d at 607; 28 U.S.C. § 1915(g).

The court may sever misjoined parties as long as no substantial right is prejudiced by such severance. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997); *Tagle v. Nev. Dep't of Corr.*, 2016 WL 910174, at *2 (D. Nev. Mar. 9, 2016); *Washington v. Cal. Dep't of*

*Corr.*, 2016 WL 6599812, at *1 (E.D. Cal. Nov. 7, 2016).

Gatewood fails to state a claim for deliberate indifference or show any connection between his medical care claims in Count III and his cognizable claims against Defendants Faatea and McNeil. He may be able to do so, however, and Gatewood's claims in Count III are DISMISSED with leave to amend.

## IV. <u>LEAVE TO AMEND</u>

Gatewood may file an amended complaint that cures the deficiencies in his claims as noted above on or before April 25, 2017. To properly amend, Gatewood must allege facts that show Warden Harrington violated his right to due process in light of the court's discussion above. He must also show that a specific individual or individuals denied him appropriate dental care with deliberate indifference to his serious medical needs. He may refer to these individuals as John or Jane Doe Number 1, 2, and 3. He must, however, provide details that indicate who these unidentified specific individuals are, such as when the events at issue happened, where these individuals worked within

the prison, and facts showing what each individual said or did to deny his rights. Gatewood must also clearly explain how his claim regarding the denial of dental care is related to his cognizable claims against Defendant ACOs McNeil and Faatea. If Gatewood is unable to connect these claims, he must file his denial of dental care claims in a separate civil lawsuit.

An amended complaint generally supersedes the original complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Thus, an amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may later be deemed voluntarily dismissed. *See* Lacey, 693 F.3d at 928 (stating claims dismissed with prejudice need not be repled to preserve them for appeal, but claims that are "voluntarily dismissed" are considered "waived if not repled").

In the alternative, Gatewood may notify the Court in writing on or before April 25, 2017 that he will stand on his retaliation claims against Defendants McNeil and Faatea and voluntarily dismiss the claims dismissed without prejudice by this Order. In that event, the Court will direct the U.S. Marshal to serve the Complaint on McNeil and Faatea and they will be required to file an Answer or responsive motion.

## V. MOTION FOR ASSISTANCE OF COUNSEL

There is no constitutional right to counsel in a civil case. *See Lassiter v. Dep't of Soc. Serv.*, 452 U.S. 18, 25 (1981). The Court has screened Plaintiff's Complaint and determined that it states a claim in part. Plaintiff is able to articulate his claims pro se. The issues presented here are straightforward and not particularly complex.

Although Plaintiff is indigent, this court declines to appoint counsel, because this case fails to present "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (requiring an evaluation of the likelihood of success on the merits

and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved). Neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

Gatewood's request for assistance of counsel is DENIED without prejudice.

## VII.    CONCLUSION

(1)  The Complaint is DISMISSED IN PART for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). Specifically, Gatewood states a retaliation claim against ACOs Tui Faatea and April McNeil and these claims shall proceed and be answered after service is perfected.

Gatewood fails to state a due process or denial of adequate dental care claim against any Defendant and these claims are DISMISSED with leave to amend as discussed and limited above.

(2) Gatewood may file an amended complaint curing the deficiencies in his dismissed claims on or before April 25, 2017.

(3) In the alternative, Gatewood may NOTIFY the Court in writing on or before April 25, 2017, that he elects to stand on his retaliation claims against Defendants April McNeil and Tui Faatea.  If Gatewood chooses this option, the Court will order the U.S. Marshal to serve the Complaint at Gatewood's direction as to those claims.

(4)  The Clerk of Court is DIRECTED to mail Gatewood a prisoner civil rights complaint form so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 11, 2017.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Gatewood v. Harrington*, 1:17-cv-00090 LEK-KJM; scrn 2017 Gatewood 17-90 (dsm prt, retal srv notify ct.)