IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN LEON GATEWOOD, | ) | CIVIL 17-00090 LEK-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| APRIL McNEIL; TUI FAATEA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT
TUI FAATEA'S MOTION TO DISMISS**

Before the Court is Defendant Tui Faatea's ("Faatea") Motion to Dismiss ("Motion"), filed on June 25, 2018.[1] [Dkt. no. 135.] Pro se Plaintiff John Leon Gatewood ("Plaintiff") filed his memorandum in opposition on July 6, 2018, and Defendant April McNeil ("McNeil") filed her statement of no opposition on August 2, 2018. [Dkt. nos. 143, 159.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). Faatea's Motion is hereby denied for the reasons set forth below.

---

[1] "Tui" is Defendant Logotaeao Faatea's nickname. [Motion, Decl. at ¶ 1.] Faatea was proceeding pro se when she filed the instant Motion. Faatea is now represented by counsel. See Order Granting Def. Tui Faatea's Motion to Continue Trial and to Continue All Pretrial Deadlines, Filed on July 26, 2018, filed 8/30/18 (dkt. no. 165). Faatea's counsel has not requested leave to file a supplemental memorandum in support of the Motion.

## BACKGROUND

Plaintiff filed his original complaint on March 2, 2017, and he filed an amended complaint on April 24, 2017. [Dkt. nos. 1, 8.] On April 30, 2018, Plaintiff filed his Prisoner Civil Rights Complaint - Second Amended Complaint ("Second Amended Complaint"), alleging a retaliation claim against McNeil and Faatea, in their individual capacities. [Dkt. no. 102.] This claim has been construed as a 42 U.S.C. § 1983 claim alleging a violation of Plaintiff's First Amendment rights. See Order Dismissing Complaint in Part and Denying Assistance of Counsel, filed 4/11/17 (dkt. no. 6) ("4/11/17 Order"), at 6, 12-13 (discussing retaliation claim in Plaintiff's original complaint).[2]

Plaintiff's claim arises from an altercation between him and Faatea on September 18, 2015 ("Incident"), when Plaintiff was an inmate at the Waiawa Correctional Facility ("WCF"). [Second Amended Complaint at pg. 5.] Plaintiff alleges McNeil and Faatea were both employed by and stationed at WCF, as Adult Correctional Officers ("ACO"). [Id. at pgs. 1-2.] Plaintiff alleges McNeil "maliciously retaliated against [Plaintiff]" after he informed her and the WCF staff that he intended to press charges against Faatea for "striking and pushing [him]." [Id. at

---

[2] The 4/11/17 Order is also available at 2017 WL 1356319.

pg. 5.] At an unspecified time thereafter, Plaintiff alleges the Honolulu Police Department ("HPD") came to WCF to investigate the charges. Thereafter, McNeil and Faatea allegedly falsified certain documents to ensure that Plaintiff received "unfair disciplinary proceedings." [Id.] According to Plaintiff, as a result of the Incident and proceeding, Plaintiff was locked up in solitary confinement where he suffered a nervous breakdown and fainted. [Id. at pg. 5.] Faatea filed her answer to the Second Amended Complaint on June 22, 2018. [Dkt. no. 128.]

Faatea filed the instant Motion seeking a dismissal with prejudice of all claims against her pursuant to Fed. R. Civ. P. 12(b). Faatea asserts that: Plaintiff failed to exhaust his administrative remedies; Plaintiff's claims are barred by the statute of limitations and the doctrine of qualified immunity; and Plaintiff's claims are moot, not ripe, or otherwise not justiciable. [Motion at 2.]

**DISCUSSION**

I. **Plaintiff's Retaliation Claim**

Prisoners have the constitutional right to file prison grievances under the First Amendment, and to "pursue civil rights litigation in the courts." Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995). A viable claim of First Amendment retaliation must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2)

3

because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Taking the allegations in the Complaint as true, Plaintiff has pled sufficient factual allegations to state a plausible retaliation claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007))).  Plaintiff alleges both McNeil and Faatea "falsified documents" to ensure he had an unfair disciplinary hearing, which occurred after he informed McNeil and the WCF staff of his intent to file a grievance against Faatea, and after Plaintiff contacted HPD to "investigate[] the charges."  [Second Amended Complaint at pg. 5.]  Thus, the first three elements of Plaintiff's retaliation claim have been met.  See Rhodes, 408 F.3d at 567-68. As a result of the alleged false documentation by McNeil and Faatea and the subsequent "unfair disciplinary proceedings," Plaintiff was locked up in solitary confinement where he suffered a nervous breakdown.  [Second Amended Complaint at pg. 5.]  Both the false documentation and discipline based on incorrect

4

information could reasonably have a "chilling" effect on a prisoner's intent and ability to file a grievance, and there is no penological purpose that could be advanced by either. See Rhodes, 408 F.3d at 567-68. To the extent Faatea argues the Second Amended Complaint fails to allege the elements of a plausible retaliation claim, the Motion is denied.

## II. Other Arguments

Faatea also argues Plaintiff's claims are barred by the doctrine of qualified immunity, the statute of limitations, his failure to exhaust administrative remedies, and finally, that Plaintiff's claims are "moot, not ripe, or otherwise not justiciable." [Motion at 2.] The Court addresses each argument in turn.

### A. Qualified Immunity

The doctrine of qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). This Court has previously stated

> Courts use a two-part analysis to determine whether a defendant is entitled to qualified immunity.

5

> First, we determine whether "[t]aken in the light most favorable to the party asserting the injury . . . the facts alleged show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 [(2001)]. If a constitutional violation is present, we go on to ask "whether the right was clearly established," id., applying an objective but fact-specific inquiry. Id. at 202, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272. To reject a defense of qualified immunity, we must find that "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates the right." Saucier, 533 U.S. at 202, 121 S. Ct. 2151, 150 L. Ed. 2d 272; Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). In making this determination, we consider the state of the law at the time of the alleged violation. See Blankenhorn [v. City of Orange], 485 F.3d 463,] 476 [([9th Cir.] 2007)]; Sorrels v. McKee, 290 F.3d 965, 970 (9th Cir. 2002). We also examine the "information possessed" by the officer to determine whether a reasonable official in a particular factual situation should have been on notice that his or her conduct was illegal. Anderson, 483 U.S. at 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523; Sorrels, 290 F.3d at 970. The "subjective beliefs" of the actual officer are, of course, "irrelevant." Anderson, 483 U.S. at 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523.

Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007) (alterations in original). The Supreme Court has held that, while the sequence of the Saucier analysis is often appropriate, it is not mandatory. See Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009). "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should

> be addressed first in light of the circumstances in the particular case at hand." Id.

Molokai Veterans Caring For Veterans v. Cty. of Maui, Civil No. 10-00538 LEK-RLP, 2011 WL 1637330, at *21-22 (D. Hawai`i Apr. 28, 2011) (some alterations in Molokai Veterans).

Faatea asserts she is entitled to qualified immunity, but does not provide any additional argument in support of her defense.  Taking the allegations in the Complaint as true, the Court has already concluded that Faatea's retaliatory conduct would violate Plaintiff's First Amendment right to file a prison grievance alleging any constitutional violation.  Second, a reasonable official in Faatea's position would understand that creating a false document to be used in a prison disciplinary proceeding in response to the threat of legal action directed at her by an inmate is illegal.  See, e.g., Beck v. City of Upland, 527 F.3d 853, 870-71 (9th Cir. 2008) ("[I]t [is] well established . . . that government officials in general, and police offices in particular, may not exercise their authority for personal motives, particularly in response to real or perceived slights to their dignity.  Surely anyone who takes an oath of office knows - or should know - that much." (internal quotation marks and citations omitted)).  Accordingly, the Motion is denied as to Faatea's request for dismissal based on qualified immunity. Faatea may revisit the qualified immunity issue in later

7

proceedings, such as in a motion for summary judgment or at trial, if warranted by the evidence.

**B.     Exhaustion**

Next, Faatea argues Plaintiff's claim must be dismissed since he failed to exhaust his administrative remedies. The Prison Litigation Reform Act, ("PLRA") 42 U.S.C. § 1997e(a), provides, in relevant part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. Lack of exhaustion should be raised at the summary judgment stage, unless the failure to exhaust is abundantly clear from the face of the complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). However, such cases are rare since a plaintiff is not required to "specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 199 (2007); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (where prisoner's complaint was silent as to exhaustion, the district court erred in ordering prisoner to supplement the complaint). In those rare cases, a defendant may still successfully move to dismiss under Rule 12(b)(6) for failure to state a claim. See Albino, 747 F.3d at 1169. Additionally, "[f]ailure to exhaust under the PLRA is 'an affirmative defense

8

the defendant must plead and prove.'" Albino, 747 F.3d at 1166 (quoting Jones, 549 U.S. at 204).

Here, it is acceptable that Plaintiff's Second Amended Complaint does not address whether or not Plaintiff exhausted his administrative remedies, since prison inmates are not required to plead exhaustion in their § 1983 claim. See Jones, 549 U.S. at 199. Plaintiff asserts in his memorandum in opposition that "all administrative remedies have been exhausted" and he has completed three "steps" of grievances. [Mem. in Opp. at 2.] He cites to "Grievance No. 276430" and "Grievance No. 276475" but does not attach any evidence in support of his assertion.

The Court need not consider Plaintiff's assertions in rejecting Faatea's exhaustion argument at this stage, as the Ninth Circuit has made clear that the affirmative defense of exhaustion is only appropriate on a motion to dismiss when there are no disputed issues of fact. See Albino, 747 F.3d at 1169 (citing Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)). The Court cannot conclude from the allegations in the Second Amended Complaint that Plaintiff has failed to exhaust his administrative remedies. Rather, the Second Amended Complaint is silent. The Motion is denied as to Faatea's request for dismissal based on exhaustion. Faatea may revisit the issue of exhaustion in subsequent proceedings, such as in a motion for summary judgment or at trial, if warranted by the evidence..

## C. Statute of Limitations

> "Because § 1983 does not contain a statute of limitations, federal courts apply the forum state's statute of limitations for personal injury claims." Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000). Hawaii's personal injury statute provides, "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13." Haw. Rev. Stat. Ann. § 657-7 . . . . To determine when a statute of limitations period begins to run, this Court must look to federal law to see "when a claim accrues." Johnson, 207 F.3d at 653. Under federal law, a claim accrues when the plaintiff knows or should have known of the injury. See, e.g., Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001); RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002).

Haldeman v. Golden, CV NO 05-00810 DAE-KSC, 2006 WL 8436502, at *2 (D. Hawai`i Dec. 12, 2006). According to the Second Amended Complaint, Plaintiff knew fairly soon after the Incident that he intended to file an action based on his statements to McNeil and the WCF staff that he would be pressing charges against Faatea. Thus, his claim accrued on or shortly after the Incident on September 18, 2015. Plaintiff filed his original complaint against both Faatea and McNeil, in their official and individual capacities, on March 2, 2017, well within the two-year statute of limitations, alleging § 1983 claims arising from the Incident, including a retaliation claim. Plaintiff's Second Amended Complaint, filed on April 30, 2018, is based on the same

10

Incident, but is limited to Plaintiff's retaliation claim, and names McNeil and Faatea in their individual, not official, capacities. The Second Amended Complaint relates back to the original complaint. See Fed. R. Civ. P. 15(c) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading"). Since the original complaint was filed within the two-year statute of limitations, and Plaintiff's Second Amended Complaint does not allege claims or conduct that differ from the original complaint, Plaintiff's claim is not time-barred. The Motion is denied as to Faatea's request for dismissal based on the statute of limitations.

### D. Mootness, Ripeness, Justiciability

As an initial matter, courts must consider whether a claim is justiciable because

> [the] court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas [v. Anchorage Equal Rights Comm'n], 220 F.3d [1134,] 1138 [(9th Cir. 2000) (en banc) ]. Justiciability includes the doctrines of mootness, ripeness, and standing, see, e.g., Culinary Workers Union, Local 226 v. Del Papa, 200 F.3d 614, 617 (9th Cir. 1999) (observing that Article III's case or controversy "justiciability limitations are reflected in the doctrines of standing, mootness, and ripeness").

Temple v. Abercrombie, 903 F. Supp. 2d 1024, 1030-31 (D. Hawai`i 2012).  A plaintiff has standing to bring a claim when: (1) he or she has suffered an "injury in fact"; (2) the injury bears a causal connection to the defendant; and (3) it must be "likely" as opposed to "speculative" that the injury will be "redressed by a favorable decision."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted).  "At the pleadings stage, general factual allegations of injury resulting from the defendant's conduct may suffice."  Id. at 561 (citations omitted).  Taking the allegations in the Second Amended Complaint as true, Plaintiff has standing to bring his claim based on his allegation that, because of his intent to file a grievance against Faatea, Defendants retaliated against him by creating false documents to ensure he had an unfair disciplinary hearing.  As a result, he was placed in solitary confinement where he had a nervous breakdown and fainted.  Additionally, Plaintiff's request for damages in the amount of $150,0000.00, are also permitted to a successful plaintiff under § 1983.  See, e.g., Borunda v. Richmond, 885 F.2d 1384, 1390-91 (9th Cir. 1988) ("The victim of the constitutional deprivation is entitled to compensation for economic harm, pain and suffering, and mental and emotional distress that results from the violations." (citing Carey v. Piphus, 435 U.S. 247, 257-64, 98 S. Ct. 1042, 1048-53, 55 L. Ed.

2d 252 (1978)). Thus, for the purposes of the Motion, the elements of a § 1983 claim are met.

Plaintiff's claims are neither moot nor unripe. Though Faatea provides no argument in support of her assertions, the Ninth Circuit has held that a prisoner's § 1983 retaliation claim is not moot just because a particularly determined plaintiff has succeeded in carrying out his protected activity, *i.e.*, filing the instant action. See Rhodes, 408 F.3d at 568-69 ("Speech can be chilled even when not completely silenced.").

"The ripeness doctrine prevents courts, through avoidance of premature adjudication, from entanglement in theoretical or abstract disagreements that do not yet have a concrete impact on the parties." 18 Unnamed John Smith Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir. 1989) (citations omitted) (citing Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580, 105 S. Ct. 3325, 3332, 87 L. Ed. 2d 409 (1985)). Plaintiff's Second Amended Complaint does not pertain to a theoretical or abstract dispute; rather, Plaintiff has alleged past events that have resulted in an alleged injury. Accordingly, the Motion is denied as to Faatea's request for dismissal based on mootness, ripeness, and lack of justiciability.

### III. **Plaintiff's Due Process and Deliberate Indifference Claims**

Plaintiff was given leave to amend his original complaint to cure the deficiencies associated with his due process claim. See 4/11/17 Order, 2017 WL 1356319, at *3. The Court noted that Plaintiff did not state "how long he remained in solitary confinement, where he was segregated, or how this confinement differed from conditions imposed in administrative segregation" and did not "allege what process he was denied." Id.; see Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) ("Typically, administrative segregation in and of itself does not implicate a protected liberty interest."). Plaintiff's Second Amended Complaint does not address these issues, and only states that, "[a]fter being locked up in solitary confinement, [Plaintiff] had a nervous breakdown and fainted." [Second Amended Complaint at pg. 5.] The Court presumes that these factual allegations are made in support of his retaliation claim, and not a due process claim. Further, Plaintiff has written "NA" on page 6, entitled "Count II" and page 7, entitled "Count III" of the Second Amended Complaint. [Id. at pgs. 6-7.]

Plaintiff also asserts "(Malice) deliberate indifference" as the constitutional right that was violated by Defendants under Count I. [Id. at pg. 5.] In reviewing Plaintiff's original complaint, deliberate indifference was associated with Plaintiff's claim for denial of appropriate

14

dental care, which is no longer included in the factual allegations of Plaintiff's Second Amended Complaint.  See 4/11/17 Order, 2017 WL 1356319, at *4-5.  Accordingly, the Court does not recognize this as a separate cause of action.  To the extent Faatea's Motion seeks dismissal of any due process or deliberate indifference claims in the Second Amended Complaint, the Motion is denied as moot.

## CONCLUSION

On the basis of the foregoing, Faatea's Motion to Dismiss, filed June 25, 2018, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 29, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOHN LEON GATEWOOD VS. APRIL MCNEIL, ET AL; CIVIL 17-00090 LEK-KJM; ORDER DENYING DEFENDANT TUI FAATEA'S MOTION TO DISMISS**